**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRADY ADAMS, Individually and On Behalf of All Others Similarly Situated, | Case No.: 8:13-CV-1300-JLS-FFMx |
| Plaintiff, | **ORDER GRANTING MOTION TO CONSOLIDATE RELATED CASES, APPOINT LEAD PLAINTIFF, AND APPROVE OF SELECTION OF COUNSEL** |
| v. | |
| BIOLASE, INC., FEDERICO PIGNATELLI and FREDERICK D. FURRY | |
| Defendants. | |

| | |
|---|---|
| RALPH DIVIZIO, Individually and On Behalf of All Others Similarly Situated, | Case No.: 8:13-CV-1317-JLS-FFMx |
| Plaintiff, | |
| v. | |
| BIOLASE, INC., FEDERICO PIGNATELLI, ALEXANDER K. ARROW and FREDERICK D. FURRY | |
| Defendants. | |

Before the Court is Pradeep Khurana's Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and for Approval of His Choice of Counsel. (Khurana Mot., Doc. 18, "Motion".)  Three other motions to consolidate and appoint lead plaintiff were filed but later withdrawn.  (*See* Docs, 13, 15, 21 (motions); Docs. 25, 26, 29 (withdrawals).)  Khurana filed two supplemental briefs in light of the withdrawals of the other motions.  (First Supp. Br., Doc. 27; Second Supp. Br., Doc. 30.)  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  The hearing on the Motion, scheduled for December 13, 2013, at 2:30 p.m., is therefore VACATED.  For the reasons stated below, the Court GRANTS the Motion.

## I.    BACKGROUND

Two securities fraud actions have been brought against Defendants Biolase, Inc., Federico Pignatelli, Frederick D. Furry, and Alexander K. Arrow ("Defendants"):[1] *Adams v. Biolase, Inc., et al.*, 8:13-cv-01300-JLS-FFM ("First Action") and *Divizio v. Biolase, Inc., et al.*, 8:13-cv-01317-JLS-FFM ("Second Action").  The First Action was filed on August 23, 2013, and the Second Action was filed on August 26, 2013.  Plaintiffs in both actions allege that they and other shareholders suffered losses as a result of purchasing Biolase stock at prices alleged to be artificially inflated by Biolase's false or misleading statements.  The First Action alleges a class period of January 7, 2013 to August 12, 2013; the Second Action alleges a broader period of November 5, 2012 to August 12, 2013.  For purposes of this Order, the Court uses the broader period defined by the Second Action ("Class Period").  Both actions assert claims for (1) violation of section 10(b) of the Exchange Act and SEC Rule 10b-5 promulgated thereunder; and (2)

---

[1] Defendant Arrow is named in only one of the actions.

violation of section 20(a) of the Exchange Act.  (First Action Compl. ¶¶ 64-69, Doc. 1; Second Action Compl. ¶¶ 51-66, 8:13-1317-JLS-FFMx, ECF No. 1.)

In the First Action, counsel for Plaintiff Brady Adams published a notice announcing that a securities class action had been filed on August 23, 2013.  (Wagner Decl., Ex. A., Doc. 20).  The notice was published in *Business Wire* and set forth the details and pendency of the action and putative class members' right to seek appointment as lead plaintiff within 60 days.  (*Id.*)

## II.    LEGAL STANDARD

### A.  Consolidation

Under Rule 42(a), the Court may consolidate actions if they involve a "common question of law or fact."  Fed. R. Civ. P. 42(a).  "Class action shareholder suits in particular are ideally suited to consolidation because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned."  *Schueneman v. Arena Pharm., Inc.*, 2011 WL 3475380, at *1 (S.D. Cal. Aug. 8, 2011) (quotation marks omitted).

### B.  Private Securities Litigation Reform Act

The Private Securities Litigation Reform Act ("PSLRA") governs the Court's appointment of lead plaintiff.   Under the PSLRA, the plaintiff in the initial action must cause a notice to be published in a national, business-oriented publication no later than 20 days after filing the complaint.  15 U.S.C. § 78u-4(a)(3)(A)(i).  The notice must inform members of the purported class of (1) the details and pendency of the action; and (2) their right to seek appointment as lead plaintiff within 60 days after the date on which notice is

2

published. *Id.* Not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class. *Id.*

Within 90 days after the publication of the notice, a court shall consider any motion made by a class member to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). Additionally, a court is required to appoint a lead plaintiff in a timely manner after the decision to consolidate has been made. 15 U.S.C. § 78u-4(a)(3)(B)(ii). A court shall appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a presumption that the most adequate plaintiff is the one who has "the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). "In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) (emphasis in original).

**III.    DISCUSSION**

**A.    Consolidation**

Khurana moves to consolidate the First Action and Second Action. Both actions allege the same violations of the Exchange Act, and are based on a series of statements made by Biolase and its representatives within the same approximate time period. While

the Second Action names one additional defendant—the President and Chief Operating Officer of Biolase—this fact alone does not preclude consolidation.  *See Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1150-51 (N.D. Cal. 1999).  Accordingly, the Court finds the First Action and Second Action appropriate for consolidation.

### B.    Notice Requirements of PSLRA

As discussed above, Plaintiff Brady Adams filed the complaint in the First Action on August 23, 2013, and caused a notice to be published in *Business Wire* on the same day.  (Wagner Decl., Ex. A, Doc. 20.)  That notice set forth the details and pendency of the action and putative class members' right to seek appointment as lead plaintiff within 60 days.  (*Id.*)  Accordingly, the notice satisfied the PSLRA requirements.

### C.    Appointment of Khurana as Lead Plaintiff

Under the PSLRA, the most adequate lead plaintiff has "the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Khurana claims a $115,361 loss, which is significantly larger than that of the other three putative lead plaintiffs, who withdrew their motions in light of Khurana's motion. (Wagner Decl. Ex. C, Doc. 20-3; *see also* Thigpen Decl. Ex. B, Doc. 13 ($20,380.82); Rosen Decl. Ex. 3, Doc. 17 ($12,075.72); Del Gaizo Decl. Ex. C, Doc. 23 ($31,789.03).) As no other plaintiffs filed applications, the Court does not have access to financial information from other parties.  Therefore, the Court concludes that Khurana qualifies as the plaintiff with the largest financial interest in the relief sought.  *See Bassin v. deCODE Genetics, Inc.*, 230 F.R.D. 313, 316 (S.D.N.Y. 2005).

Khurana must also satisfy the requirements of Rule 23, in particular those of

4

"typicality" and "adequacy." *Cavanaugh*, 306 F.3d at 730. Under Rule 23(a)(3), "the claims or defenses of the representative parties [must be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3).

Khurana states that he is typical of putative class members because he suffered losses as a result of purchasing Biolase common stock during the Class Period at prices that were artificially inflated by Defendants' false or misleading statements. (Khurana Mem. at 5-6, Doc. 19; Wagner Decl. Ex. B.) In a securities fraud class action, this is sufficient. *See Ferrari v. Gisch*, 225 F.R.D. 599, 606 (C.D. Cal. 2004). These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the proposed class's claims, satisfy Rule 23(a)(3)'s typicality requirement. *See In re Surebeam Corp. Sec. Litig.*, No. 03 CV 1721-JM (POR), 2004 WL 5159061, at *6 (S.D. Cal. Jan. 5, 2004).

"[R]epresentation is 'adequate' when the representative's interests are not antagonistic to the interests of absent class members, it is unlikely that the action is collusive, and counsel for the class is qualified and competent." *Ferrari*, 225 F.R.D. at 607 (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)). Here, Khurana has signed a certification stating that he is willing to serve as a representative. (Wagner Decl. Ex. B.) The Court is not aware of any conflicts between Khurana and other class members. Furthermore, the Court finds Khurana's selection of counsel qualified and competent, as discussed in Section III.D below.

Based on the evidence before the Court, Khurana is presumptively the "most adequate plaintiff" to serve as lead counsel in the consolidated action. Therefore, the Court grants Khurana's motion for appointment as lead plaintiff.

**D.      Appointment of Lead Counsel**

The PSLRA provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(v). Khurana moves to designate his selected law firm as lead counsel.  Specifically, Khurana requests that the Court appoint Bernstein Liebhard LLP as lead counsel and the Wagner Firm as liaison counsel.  This Court appoints attorneys, not firms, as class counsel, and accordingly considers the adequacy of the attorneys appearing on the signature block of Khurana's Motion:  Sandy Liebhard, Joseph Seidman, Jr. and Avi Wagner.  Khurana provides biographies of these attorneys' experience, which show that Sandy Liebhard, Joseph Seidman, Jr. and Avi Wagner have experience in securities litigation.  (Wagner Decl. Exs. D, E.)  The Court therefore appoints Sandy Liebhard and Joseph Seidman, Jr. as lead counsel, and Avi Wagner as liaison counsel.

**IV.      CONCLUSION**

For the foregoing reasons, the Court GRANTS Khurana's Motion.  The First Action and the Second Action are consolidated.  Pradeep Khurana is appointed as lead plaintiff.  Sandy Liebhard and Joseph Seidman, Jr. are appointed as lead counsel, and Avi Wagner is appointed as liaison counsel.

1.      8:13-cv-01300-JLS-(FFMx) and 8:13-cv-01317-JLS (FFMx) are to be consolidated for all purposes, including trial, under 8:13-cv-01300-JLS-(FFMx), and shall bear the following caption:

| IN RE BIOLASE, INC. SECURITIES LITIGATION | Case No. SACV 8:13-cv-01300-JLS-(FFMx) |
|---|---|

2.      The Clerk shall close case number 8:13-cv-01317-JLS (FFMx).

6

3.      The lead plaintiff shall file a consolidated complaint no later than 60 days after the entry of this Order, incorporating all parties and all alleged misrepresentations, and a class period of November 5, 2012 to August 12, 2013.

4.      Defendants shall answer or otherwise respond to the consolidated complaint no later than 60 days after the filing of the consolidated complaint.

This Order shall apply to each new case that is consolidated with this action, unless a party objects to any provision of this Order within ten (10) days after the date upon which a copy of this Order is served on counsel for such party by filing an application for relief and this Court deems it appropriate to grant such application. Nothing in the foregoing shall be construed as a waiver of Defendants' right to object to consolidation of any subsequently-filed or transferred related action.

DATED: December 10, 2013

JOSEPHINE L. STATON
_____
Honorable Josephine L. Staton
UNITED STATES DISTRICT JUDGE

7