Richard L. Gallagher, Jr. (CSB # 208714)
richard.gallagher@ropesgray.com
Rebecca C. Harlow (CSB # 281931)
rebecca.harlow@ropesgray.com
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, California 94111-4006
+1 415 315 6300
+1 415 315 6350

Attorneys for Defendant
ALEXANDER K. ARROW

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In re BIOLASE, INC. SECURITIES LITIGATION | Case No. 8:13-cv-01300-JLS (FFMx) |
|  | Judge:  Josephine L. Staton |
|  | **DEFENDANT ALEXANDER K. ARROW'S JOINDER AND SEPARATE BRIEF IN SUPPORT OF BIOLASE, INC.'S MOTION TO DISMISS** |

Defendant Dr. Alexander K. Arrow respectfully submits this joinder and separate brief in support of the Motion to Dismiss ("Motion") that BIOLASE, Inc. ("Biolase" or "Company") filed with the Court on May 9, 2014.  For all of the reasons set forth in thr Motion, which Dr. Arrow hereby incorporates by reference and adopts in full, Dr. Arrow respectfully requests that the Court dismiss the Consolidated Class Action Complaint ("Complaint").

Dr. Arrow requests dismissal of the Complaint for the following three additional reasons, which are specific to Dr. Arrow.

**First**, Dr. Arrow was not even an officer of the Company for much of the putative class period, which stretches from November 5, 2012 through August 13, 2013. *See* Complaint ¶ 1. Dr. Arrow did not become a member of Biolase's management until he was appointed President and Chief Operating Officer on June 6, 2013, a date towards the end of the class period. *See* Complaint ¶¶ 1, 36. Prior to that time, Dr. Arrow was an outside, non-employee director of the Company, and he is not alleged to have made any of the pre-June 6th statements alleged in the Complaint as the basis for liability. *See* Complaint ¶ 36. Dr. Arrow can have no liability based on any pre-June 6, 2013 statements. *See Curry v. Hansen Medical, Inc.*, 2012 WL 3242447, at *5 (N.D. Cal. Aug. 10, 2012) (no Section 10(b) liability for individual who did not actually make statements at issue).

**Second**, Dr. Arrow is alleged to have made only two of the post-June 6, 2013 statements in the Complaint.  Neither comes remotely close to being actionable.  The first occurred on June 7, 2013, when a Biolase press release quoted Dr. Arrow as saying that Dr. Arrow's first task at the Company would be to expand the proportion of dentists who owned Biolase's products and to make the Company's WaterLase technology the standard of care for patients. *See* Complaint ¶ 270.  The second statement occurred on June 17, 2013, when a

1    Biolase press release quoted Dr. Arrow as stating that Biolase felt honored to be

2    included in the Russell 3000 stock index because it showed investor recognition of

3    Biolase's prosperity and growth. *See* Complaint ¶ 272. The Complaint fails to

4    allege specific facts showing that these statements were false when made. Indeed,

5    an overarching theory of the Complaint – that Biolase hid the fact that it needed to

6    expand its market share – is exactly what Dr. Arrow said on June 17, 2013 that he

7    was going to try to do. *Id.* As to the statement regarding the Russell 3000, there

8    is simply no dispute (and the Complaint raises none) that Biolase joined the

9    Russell 3000 index and felt that inclusion in the Russell 3000 index showed

10    recognition of Biolase's growth as a Company. Nor can plaintiffs quibble with the

11    fact that Biolase had experienced growth. The Complaint admits it had.[1]

12    **Third**, even assuming that specific facts in the Complaint show that

13    Dr. Arrow made false statements on June 7 and 17, 2013 (which he did not), no

14    facts in the Complaint establish the requisite strong inference that Dr. Arrow did

15    so with scienter – *i.e.*, a fraudulent state of mind. He is not alleged to have sold

16    stock, and the Complaint alleges no motive or other reason why Dr. Arrow would

17    try to deceive shareholders. Nor are there any references to contemporaneous

18    internal emails or other documents indicating that Dr. Arrow knew in June 2013

19    that the two statements attributed to him were false. Indeed, Dr. Arrow's June 7th

20    quote states that Dr. Arrow's first task as newly appointed Chief Operating Officer

21    would be an effort to increase the market share of Biolase's products, including its

22    flagship WaterLase technology. This would be an odd thing for Dr. Arrow to say

---

[1] The Complaint concedes that Dr. Arrow was in fact optimistic about Biolase's ability to successfully grow demand for its products. *See* Complaint ¶ 276. The Complaint further concedes that Biolase's revenues grew by 17% in the second fiscal quarter of 2013 (when Dr. Arrow's two statements occurred). *See* Complaint ¶ 278. In light of these concessions, the Section 10(b) claim against Dr. Arrow goes nowhere. Although Biolase did not grow as fast as it expected, everyone agrees (including plaintiffs) that the Company's revenue had grown.

1    if, as plaintiffs allege, Dr. Arrow were trying to hide Biolase's continuing need to

2    grow its market share.

3    In sum, it is unclear why the plaintiffs chose to include Dr. Arrow in

4    this lawsuit in the first place.  He was not an officer of the Company for most of

5    the class period; he made only two allegedly actionable statements; the Complaint

6    itself contains facts showing that both statements were true; and the Complaint

7    does not even attempt to allege facts establishing the requisite strong inference of

8    scienter.

9    For these reasons, in addition to the reasons set forth in the

10   Company's Motion to Dismiss, Dr. Arrow respectfully requests that the Court

11   dismiss the Complaint without leave to amend.

12                                          Respectfully submitted,

13

14   May 9, 2014                            By

15                                          Richard L. Gallagher, Jr.
                                            richard.gallagher@ropesgray.com
16                                          Rebecca C. Harlow
                                            rebecca.harlow@ropesgray.com
17                                          ROPES & GRAY LLP

18                                          Attorneys for Defendant
                                            ALEXANDER K. ARROW
19

20

21

22

23

24

25

26

27

28
     DEFENDANT ARROW'S JOINDER AND SEPARATE BRIEF IN SUPPORT OF BIOLASE, INC.'S MOTION TO DISMISS
     Case No. 8:13-cv-01300-JLS

                                            2

     43266891_1